# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 3, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| CHERYL DAVID, *as personal* *representative of the estate of* FRANCES LABONTE, | * * * * | No. 17-1554V |
| Petitioner, | * * | Special Master Sanders |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Ruling on Entitlement; Influenza ("Flu") Vaccine; Guillain-Barré Syndrome ("GBS") |
| Respondent. | * * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.
*Kyle E. Pozza*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On October 18, 2017, Frances Labonte ("the decedent") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). The decedent alleged that the influenza ("flu") vaccine she received on October 28, 2014, caused her to develop Guillain-Barré Syndrome ("GBS"). Pet.at 1, ECF No. 1.

On December 4, 2017, the decedent's counsel filed a status report on her behalf indicating that the decedent had passed away. ECF No. 12 at 2. I issued an order staying the case for sixty days pending identification of a legal representative to continue the case on December 6, 2017. ECF No. 13. Following an enlargement of time, counsel filed documentation indicating that Cheryl David ("Petitioner"), the decedent's daughter, had been appointed legal representative of the decedent's estate and filed a motion to amend the case caption. ECF Nos. 15, 17. I granted Petitioner's motion on March 30, 2018, and lifted the stay on April 3, 2018. ECF Nos. 18, 24.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On April 13, 2018, I ordered Respondent to file a status report regarding the completeness of Petitioner's medical records. Scheduling Order, docketed Apr. 13, 2018. Respondent filed a status report indicating that there were no outstanding records on July 12, 2018. ECF No. 30. Respondent requested a sixty-day deadline to file his Rule 4(c) report but stated that "[i]n the interim, [he was] willing to entertain a demand for damages from Petitioner. *Id.*

Respondent filed his Rule 4(c) report on October 23, 2018. Resp't's Report, ECF No. 34. Respondent stated that Petitioner fulfilled the requirements set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation and recommended compensation in this case. *Id.* at 1, 3. Respondent specified that "[t]he scope of damages to be awarded is limited to [the decedent's] GBS and its related sequelae only." *Id.* at 3. He noted that "Petitioner did not allege, nor would the current record support that [the decedent's] GBS caused or contributed to her death." *Id.* at 3 n.1.

On October 26, 2018, I ordered Petitioner to file a status report regarding settlement discussions by December 26, 2018. Scheduling Order, docketed Oct. 26, 2018. On March 13, 2019, Petitioner filed an amended petition alleging that the decedent's vaccine-related "injury substantially contributed to her death." Am. Pet. ¶ 37, ECF No. 40. However, settlement discussions remained ongoing and continued until January 29, 2021, when the parties filed a joint status report indicating that Petitioner accepted Respondent's proffer that day. ECF No. 69 at 1. The parties stated that Petitioner was "awaiting the final Medicaid lien letter, and [R]espondent anticipates filing the [p]roffer with the Court within thirty days thereafter." *Id.*

When my chambers contacted the parties to ask about the status of the proffer, Respondent noted that an entitlement decision had not yet been entered in this case. *See* Informal Comms., docketed May 10, 2021 and May 24, 2021. The parties requested an entitlement decision consistent with Respondent's concession and position that the decedent's death was not a sequela of her GBS. Informal Comm., docketed May 24, 2021; *see also* Resp't's Report at 3, 3 n.1.

A special master may determine whether a petitioner is entitled to compensation based upon the record. A hearing is not required. §300aa-13; Vaccine Rule 8(d). In light of Respondent's concession and a review of the record, the I find that Petitioner is entitled to compensation for the decedent's GBS and its sequelae but not for the decedent's death. This matter shall now proceed to the damages phase.

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

2