# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: August 11, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| CHERYL DAVID, *as personal* | * | No. 17-1554V |
| *representative of the estate of* | * | |
| FRANCES LABONTE, | * | |
| | * | Special Master Sanders |
| Petitioner, | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Decision on Proffer; Damages; Influenza |
| AND HUMAN SERVICES, | * | ("Flu") Vaccine; Guillain-Barré |
| | * | Syndrome ("GBS") |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.
*Kyle E. Pozza*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On October 18, 2017, Frances Labonte ("the decedent") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). The decedent alleged that the influenza ("flu") vaccine she received on October 28, 2014, caused her to develop Guillain-Barré Syndrome ("GBS"). Pet.at 1, ECF No. 1.

Respondent filed his Rule 4(c) report on October 23, 2018. Resp't's Report, ECF No. 34. Respondent stated that Petitioner fulfilled the requirements set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation and recommended compensation in this case. *Id.* at 1, 3. Respondent specified that "[t]he scope of damages to be awarded is limited to [the decedent's] GBS and its related sequelae only." *Id.* at 3. He noted that "Petitioner did not allege,

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

nor would the current record support that [the decedent's] GBS caused or contributed to her death." *Id.* at 3 n.1. On June 3, 2021, I issued a Ruling on Entitlement consistent with Respondent's Rule 4(c) report. ECF No. 70.

On July 26, 2021, Respondent filed a Proffer on Award of Compensation ("Proffer"). ECF No. 72. Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, attached as Appendix A, the undersigned awards Petitioner:

A. **A lump sum payment of $225,000.00 [for pain and suffering] in the form of a check payable to [P]etitioner on behalf of the estate of [the decedent]; and**

B. **A lump sum payment of $101,800.14 representing compensation for satisfaction of the Commonwealth of Massachusetts Medicaid lien, in the form of a check payable jointly to [P]etitioner and:**

> **Commonwealth of MA – EOHHS**
> **ESTATE RECOVERY**
> **P.O. Box 417819**
> **Boston, MA 02241-7819**

**Petitioner agrees to endorse the check to "Commonwealth of Massachusetts – ERU" for satisfaction of the Medicaid lien.**

*Id.* at 2–3. The parties agree that "[t]he above amounts represent all elements of compensation to which [P]etitioner would be entitled under 42 U.S.C. § 300aa-15(a). *Id.* at 2.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.

2

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### OFFICE OF SPECIAL MASTERS

```
*********************************
CHERYL DAVID, as personal        *
Representative of the Estate of  *
FRANCES LABONTE, deceased,       *
                                 *
            Petitioner,          *    No. 17-1554V
                                 *    SPECIAL MASTER
v.                               *    HERBRINA D. SANDERS
                                 *
SECRETARY OF HEALTH AND          *
HUMAN SERVICES,                  *
                                 *
            Respondent.          *
*********************************
```

### PROFFER ON AWARD OF COMPENSATION

On October 23, 2018, respondent filed a Vaccine Rule 4(c) report concluding that Frances Labonte suffered an injury that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-10 to -34, that is, Guillain-Barré syndrome ("GBS"), as defined in the Vaccine Injury Table.[1] Accordingly, on June 3, 2021, the Special Master issued a Ruling on Entitlement.

**I.  Compensation for Vaccine Injury-Related Items**

  A.  Pain and Suffering

Based upon the evidence of record, respondent proffers that petitioner, as representative of the estate of Frances Labonte, should be awarded a lump sum of **$225,000.00** for pain and suffering, in the form of a check payable to petitioner. Petitioner agrees.

---

[1] Respondent noted that the scope of damages was limited to Ms. Labonte's GBS and related sequela only, i.e. petitioner's original petition did not allege, nor does the record support, that Ms. Labonte's GBS caused or contributed to her death. *See* Ruling on Entitlement, ECF No. 70.

B.  <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy the Commonwealth of Massachusetts Medicaid lien in the amount of **$101,800.14**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Massachusetts may have against any individual as a result of any Medicaid payments the Commonwealth of Massachusetts has made to or on behalf of Frances Labonte from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about November 13, 2014, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.   Form of the Award**

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Special Master's decision and the Court's judgment award the following: [2]

A.  A lump sum payment of **$225,000.00** in the form of a check payable to petitioner on behalf of the estate of Frances Labonte; and

B.  A lump sum payment of **$101,800.14**, representing compensation for satisfaction of the Commonwealth of Massachusetts Medicaid lien, in the form of a check payable jointly to petitioner and:

> Commonwealth of MA – EOHHS
> ESTATE RECOVERY
> P.O. Box 417819
> Boston, MA 02241-7819

Petitioner agrees to endorse the check to "Commonwealth of Massachusetts – ERU" for

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.

2

satisfaction of the Medicaid lien.

    Petitioner is a competent adult. Evidence of guardianship is not required in this case.

<div style="margin-left: 40%">

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ Kyle E. Pozza
KYLE E. POZZA
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 616-3661
E-mail: Kyle.Pozza@usdoj.gov

</div>

Date: July 26, 2021